UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ERIC & CO TRADING GROUP LLC,          CASE NO.:

    Plaintiff,
v.

FLOYD MAYWEATHER, JR.,

    Defendant.
_____/

# COMPLAINT

Plaintiff, Eric & Co Trading Group LLC ("***Plaintiff***"), by and through the undersigned counsel hereby sues Defendant, Floyd Mayweather Jr. ("***Defendant***"), and in support thereof states:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Eric & Co Trading Group LLC, is a limited liability company, with its principal place of business in New York. Plaintiff is owned exclusively and solely by Eric Mavachev, who is also a citizen of the State of New York. Therefore, Plaintiff is a citizen of the State of New York.

2. Defendant, Floyd Mayweather, Jr., is an individual who is a citizen of the State of Florida and is otherwise *sui juris*.

3. This Court has subject matter jurisdiction over the instant dispute pursuant to 28 U.S.C. § 1332 (a)(1) because there is diversity of the parties, who are citizens of different states, and the amount in controversy exceeds $75,000.

4. Venue is proper because Defendant is a citizen of the State of Florida, and otherwise resides in Miami-Dade County, Florida.

## FACTUAL ALLEGATIONS

5.  Plaintiff is in the business of providing high-end customized jewelry to a limited group of well vetted clientele.

6.  Prior to engaging in the misconduct alleged in this Complaint, Defendant, a professional fighter, and Plaintiff have had a close relationship, with Defendant being a frequent and regular client of Plaintiff and has often purchased jewelry from Plaintiff. Defendant also regularly purchased jewelry from Plaintiff, and paid Plaintiff after the fact, which built a relationship of trust and confidence between them.

7.  On or about June 6, 2021, Defendant met with Plaintiff and asked Plaintiff if he could take possession of jewelry and pay for it later.

8.  Because of the established relationship, Plaintiff thought it could trust Defendant to protect its interests, and that Defendant would repay the entire value of the jewelry that Plaintiff would advance.

9.  In reasonable reliance on Defendant's representations, Plaintiff agreed to allow Defendant to take possession of the following items of jewelry (collectively, the "*Jewelry*"), which more specifically comprises of the following items:

(i) One 14K Yellow Gold Tennis Bracelet;
(ii) One 18K Yellow Gold Cartier Diamond Nail Bracelet;
(iii) One 18K White Gold Cartier Diamond Nail Bangle;
(iv) One 18K Gold Cartier Diamond Love Bangle Size 22;
(v) One 18K Rose Gold Cartier Diamond Nail Bangle 17;
(vi) One 18K Rose Gold Cartier Diamond Love Bangle Size 19;
(vii) One 18k White Gold Cartier Diamond Love Bangle Size 18;
(viii) One Platinum Heart Shaped Diamond Eternity Band;
(ix) One Platinum Radiant Cut Diamond Eternity Ring;
(x) One l0k Rose Gold Diamond Cuban Link;

(xi)     One 14k white Gold Tennis Bracelet;

(xii)    One 14k White Gold Tennis Bracelet;

(xiii)   One 18k White Gold Cartier Diamond Nail Bangle;

(xiv)    One 18k Rose Gold Cartier Diamond Nail Bangle Size 17;

(xv)     One 18k Yellow Gold Cartier Diamond Love Bangle Size;

(xvi)    One 14k Yellow Gold Emerald Cut Diamond Ankle Bracelet;

(xvii)   One 14k Rose Gold Emerald Cut Diamond Ankle Bracelet;

(xviii)  One 14k White Gold Emerald Cut Diamond Ankle Bracelet;

(xix)    One 18k Rose Gold Diamond Love Bangle;

(xx)     One Rose Gold Diamond Love Bangle;

(xxi)    One 14k Yellow Gold Big Cuban Diamond Bracelet;

(xxii)   One 14k Mini Diamond "TMT";

(xxiii)  One 14k Midsize Diamond "TMT" Chains;

(xxiv)   One 18k yellow gold Butterfly Cuban Iced Out Choker;

(xxv)    One White Gold Diamond Baguette Chain;

(xxvi)   Three (3) large White Gold "TMT" Pieces; and

(xxvii)  One 14k yellow gold diamond/emerald cut butterfly necklace with diamond tennis necklace.

10. The Jewelry had a collective value of at least $389,550, at wholesale, and likely would have yielded a significantly larger return, especially at a pop-up shop.

11. After providing the Jewelry to Defendant, he travelled to Miami with it, and, on information and belief sold all the Jewelry for significantly more than its wholesale value.

12. Defendant also acknowledged that Plaintiff incurred a minimum of $389,550, with respect to the Jewelry, but to date has refused to pay Plaintiff.

13. As a result, the statements that Defendant would repay Plaintiff were false and Defendant knew that the foregoing statements were false at the time that they were made.

14. Accordingly, Defendant has engaged in a scheme to deprive Plaintiff of Plaintiff's property and convert Plaintiff's property to Defendant's own uses with actual malice and criminal intent.

15. Plaintiff has repeatedly demanded that Defendant pay the $389,550 that is currently due and owed, but to date, Defendant has refused to pay Plaintiff anything.

16. On information and belief, Defendant never intended to pay Plaintiff and made false representations concerning the existence of a joint venture and oral contract to induce Plaintiff to allow him to take possession of the Jewelry and convert it to his own use and benefit.

17. On or about November 8, 2022, Plaintiff transmitted a letter, pursuant to Fla. Stat. § 772.11 demanding that Defendant repay Plaintiff the $1,168,650 or incur treble liability, via certified mail and text message. A true and correct copy of the foregoing correspondence is attached hereto as Exhibit A.

18. To date, Defendant has yet to respond to Plaintiff's demand, and has otherwise refused to account for or pay Plaintiff for the Jewelry or the profits generated.

19. All conditions precedent to the filing of the instant lawsuit have been met or waived.

20. Plaintiff retained the undersigned counsel and paid the undersigned a reasonable fee for the services rendered or to be rendered.

## COUNT I - CIVIL THEFT

21. Plaintiff realleges and reincorporates by reference, the allegations of Paragraphs 1 through 21 above as if set forth in full herein.

22. As set forth in further detail above, Defendant made a series of misrepresentations to Plaintiff, intended to cause Plaintiff to provide Defendant with possession of the Jewelry.

23. Defendant made the foregoing statements with the knowledge that they were false, with the malicious intent to deprive Plaintiff of the value of the Jewelry.

24. Therefore, by engaging in the foregoing conduct, Defendant engaged in conversion.

25. On or about November 8, 2022, Plaintiff sent Defendant a letter, pursuant to Fla. Stat. § 772.11 attached hereto as Exhibit A, demanding the return of three times the value of the Jewelry.

26. To date, Defendant has refused to respond to the foregoing demand letter, pay Plaintiff treble damages, or return the Jewelry to Plaintiff.

27. As a result of Defendant's conduct, Plaintiff suffered damages.

28. Plaintiff has in fact suffered damages.

WHEREFORE, Plaintiff, Eric & Co Trading Group LLC, respectfully requests that the Court enter judgment in its favor and against Defendant, Floyd Mayweather, Jr.: (i) Finding that Defendant has engaged in civil theft; (ii) Awarding Plaintiff treble damages, pursuant to Fla. Stat. § 772.11, plus attorney's fees and costs as a result of Defendant's civil theft; and (iii) Granting such further relief as the Court deems just and proper.

## COUNT II – CONVERSION

29. Plaintiff realleges and reincorporates by reference, the allegations of Paragraphs 1 through 21 above as if set forth in full herein.

30. As set forth in further detail above, Defendant made a series of misrepresentations to Plaintiff, intended to cause Plaintiff to provide Defendant with possession of the Jewelry.

31. Defendant made the foregoing statements with the knowledge that they were false, with the malicious intent to deprive Plaintiff of the value of the Jewelry.

32. Therefore, by engaging in the foregoing conduct, Defendant engaged in conversion.

33. Plaintiff demanded, on several occasions, that Defendant return the Jewelry or compensate it for the value of the Jewelry.

34. To date, Defendant has refused to respond to the foregoing demand letter, pay Plaintiff treble damages, or return the Jewelry to Plaintiff.

35. As a result of Defendant's conduct, Plaintiff suffered damages.

WHEREFORE, Plaintiff, Eric & Co Trading Group LLC, respectfully requests that the Court enter judgment in its favor and against Defendant, Floyd Mayweather, Jr.: (i) Finding that Defendant has engaged in conversion; (ii) Awarding Plaintiff damages; and (iii) Granting such further relief as the Court deems just and proper.

## COUNT III - FRAUD

36. Plaintiff realleges and reincorporates by reference, the allegations of Paragraphs 1 through 21 above as if set forth in full herein.

37. As set forth in further detail above, Defendant made a series of misrepresentations to Plaintiff, intended to cause Plaintiff to provide Defendant with possession of the Jewelry.

38. These misrepresentations included, without limitation statements by Defendant that Defendant would repay Plaintiff.

39. Defendant made the foregoing statements with the knowledge that they were false, with the malicious intent to deprive Plaintiff of the value of the Jewelry.

40. Therefore, by engaging in the foregoing conduct, Defendant engaged in conversion.

41. Plaintiff demanded, on several occasions, that Defendant return the Jewelry or compensate it for the value of the Jewelry.

42. To date, Defendant has refused to respond to the foregoing demand letter, pay Plaintiff treble damages, or return the Jewelry to Plaintiff.

43. As a result of Defendant's conduct, Plaintiff suffered damages.

WHEREFORE, Plaintiff, Eric & Co Trading Group LLC, respectfully requests that the Court enter judgment in its favor and against Defendant, Floyd Mayweather, Jr.: (i) Finding that Defendant has engaged in fraud; (ii) Awarding Plaintiff damages; and (iii) Granting such further relief as the Court deems just and proper.

## COUNT IV – UNJUST ENRICHMENT

44. Plaintiff reincorporates by reference the allegations of Paragraphs 1 through 21 above as if set forth in full herein.

45. As set forth in further detail above, Plaintiff provided Defendant with a benefit in the form of the Jewelry.

46. Plaintiff provided the Jewelry to Defendant based on Defendant's promises and assurances that Defendant would pay Plaintiff the fair market value for the Jewelry.

47. To date, however, Defendant has not repaid Plaintiff for the Jewelry.

48. As a result, the circumstances in which Defendant has taken the Jewelry are such that it is inequitable for Defendant to retain such a benefit without paying Plaintiff the value thereof.

WHEREFORE, Plaintiff, Eric & Co Trading Group LLC, respectfully requests that the Court enter judgment in its favor and against Defendant, Floyd Mayweather, Jr.: (i) Finding that Defendant has been unjustly enriched at Plaintiff's expense; (ii) Awarding Plaintiff damages; and (iii) Granting such further relief as the Court deems just and proper.

## COUNT V – BREACH OF CONTRACT

49. Plaintiff reincorporates by reference the allegations of Paragraphs 1 through 21 above as if set forth in full herein.

50. As set forth in further detail above, Plaintiff and Defendant entered into an oral contract where Plaintiff agreed to provide Defendant the Jewelry in exchange for payment of $389,550.

51. The terms of the contract, to the extent that Defendant was being honest, were confirmed orally and via text message.

52. Plaintiff performed under the oral contract with Defendant by providing the Jewelry to Defendant.

53. To date, however, Defendant has not paid Plaintiff.

54. As a result, Defendant breached the oral contract with Plaintiff.

55. Defendant's breach of contract has caused Plaintiff to suffer damages.

56. Plaintiff has in fact suffered damages.

WHEREFORE, Plaintiff, Eric & Co Trading Group LLC, respectfully requests that the Court enter judgment in its favor and against Defendant, Floyd Mayweather, Jr.: (i) Finding that Defendant has been unjustly enriched at Plaintiff's expense; (ii) Awarding Plaintiff damages; and (iii) Granting such further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial with respect to all issues so triable.

Date this 5th day of January, 2023.

                                                              Respectfully submitted,

**MILLENNIAL LAW, INC.**
*Attorneys for Plaintiff*
501 E. Las Olas Blvd Ste 200/314
Fort Lauderdale Fl 33301
Phone: 954-271-2719

By:  *s/ Zachary P. Hyman*
       Zachary P. Hyman
       Florida Bar No.  98581
       zach@millenniallaw.com
       malcolm@millenniallaw.com
       jessica@millenniallaw.com
       assistant@millenniallaw.com