## **RETURN OF SERVICE**

| | | |
|---|---|---|
| State of Florida | County of Southern | District Court |

Case Number: 23-CV-20045-RKA   Court Date: 12/27/2023  1:00 pm


PPJ2023013157

Plaintiff:
**ERIC & CO TRADING GROUP LLC**

vs.

Defendant:
**FLOYD MAYWEATHER, JR**

For:
Zachary Hyman
MILLENNIAL LAW, INC.
501 EAST LAS OLAS BLVD
Suite 200/308
FORT LAUDERDALE, FL 33301

Received by Prestige Process on the 30th day of November, 2023 at 9:56 am to be served on **AMERICAN EXPRESS c/o C T CORPORATION SYSTEM, 1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324**.

I, Roy Bates, do hereby affirm that on the **30th day of November, 2023** at **2:03 pm, I:**

served a **REGISTERED AGENT** by delivering a true copy of the **SUBPOENA FOR DEPOSITION DUCES TECUM TOG&G TIMEPIECES** with the date and hour of service endorsed thereon by me, to: **Jasmine Gary** as **Registered Agent** at the address of: **1200 South Pine Island Road, Plantation, FL 33324** on behalf of **AMERICAN EXPRESS c/o C T CORPORATION SYSTEM**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and that I am a Special Process Server Appointed by the Sheriff, in good standing, in the judicial circuit in which the process was served. Under the penalty of perjury, I declare that I have read the foregoing document and the facts in it are true. NO NOTARY REQUIRED PURSUANT TO F.S.92.525(2)

_____
**Roy Bates**
SPS # 1383

**Prestige Process**
**P.O Box 613634**
**Miami, FL 33261**
**(786) 916-2424**

Our Job Serial Number: PPJ-2023013157

Copyright © 1992-2023 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2u

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ERIC & CO TRADING GROUP LLC,                    CASE NO.: 23-CV-20045-RKA

    Plaintiff/ Judgment Creditor,

v.

FLOYD MAYWEATHER, JR.,

    Defendant/Judgment Debtor.
_____/

**SUBPOENA FOR DEPOSITION DUCES TECUM TO
AMERICAN EXPRESS**

THE STATE OF FLORIDA:

TO:   AMERICAN EXPRESS
       c/o C T CORPORATION SYSTEM
       1200 SOUTH PINE ISLAND ROAD
       PLANTATION, FL 33324

    YOU ARE COMMANDED to appear at the law offices of Millennial Law, Inc., 501 East Las Olas Blvd, Suite 200/314, Ft. Lauderdale, Florida 33301, on **Wednesday, December 27, 2023, at 1:00 p.m.** to provide documents to be used in this civil action. You or your representatives must bring with you at the date and time indicated the following documents, electronically stored information, or objects and must permit inspection, copying, testing, or sampling of the material: **See attached Schedule A.**

    The following provisions of Federal Rules of Civil Procedure 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45 (d), relating to your protection as a person subject to a subpoena; and Rules 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Dated: November 29, 2023.

                                        ZACHARY P. HYMAN
                                        For the Court

                                        By: *s/ Zachary P. Hyman*
                                               Zachary P. Hyman

*Attorneys for Plaintiff/Judgment Creditor*
MILLENNIAL LAW, INC.
501 East Las Olas Blvd, Suite 200/314
Fort Lauderdale, Florida 33301-4215
Phone: 954-271-2719
Zachary P. Hyman
Fla. Bar No. 98581
zach@millenniallaw.com
jessica@millenniallaw.com
assistant@millenniallaw.com
milleniallawforms@gmail.com

2

Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

3

## EXHIBIT A
## Duces Tecum Request

### DEFINITIONS AND INSTRUCTIONS:

The following definitions shall apply to this Request:

A. "You," "AMEX," "American Express," or any other variation thereof as used herein means American Express Company, and includes any and all affiliates, agents, employees, servants, officers, directors, and any other person or entity acting or purporting to act on its behalf.

B. "Judgment Creditor," "Plaintiff" or any other variation thereof as used herein means Petitioner/Judgment Creditor, ERIC & CO TRADING GROUP, LLC, and includes any and all agents, employees, servants, officers, directors, and any other person or entity acting or purporting to act its his behalf.

C. The term "Defendant," "Judgment Debtor," "Mayweather," or any other variation thereof as used herein means Respondent/Judgment Debtor, Floyd Mayweather Jr., whose address is 2580 S. Highland Dr, Las Vegas NV 89109 and any and all successors and assigns under any other name, and includes any and all agents, employees, servants, officers, directors, and any other person or entity acting or purporting to act on his behalf.

D. "Mayweather Promotions," "Mayweather Promos," or any other variation thereof as used herein means Mayweather Promotions, LLC a Nevada limited liability company, whose EIN is E0745122007-5, NV Business ID is NV20071432289, and whose address is 3753 Howard Hughes Pkwy, Las Vegas NV 89169 and includes any and all affiliates, agents, employees, servants, officers, directors, and any other person or entity acting or purporting to act on its behalf.

E. "I.K.M.J. Joint, LLC" or any other variation thereof as used herein means I.K.M.J. Joint, LLC d/b/a Girl Collection, a Nevada limited liability company, whose NV Business ID is NV20161355258 and Entity Number E0271572016-6 and address is 2600 PASEO VERDE PKWY SUITE 200, HENDERSON, NV, 89074, USA and includes any and all affiliates, agents, employees, servants, officers, directors, and any other person or entity acting or purporting to act on its behalf.

F. "Skate Rock City, LLC" or any other variation thereof as used herein means Skate Rock City, LLC, a Nevada limited liability company, whose Entity Number is E12062542021-2, NV Business ID is NV20212003400 and address is 500 N. Rainbow Blvd. Ste. 300 A, Las Vegas, NV, 89107, USA and includes any and all affiliates, agents, employees, servants, officers, directors, and any other person or entity acting or purporting to act on its behalf.

G. "Fojoso, LLC" or any other variation thereof as used herein means Fojoso, LLC, a Nevada limited liability company, whose Entity Number is E0238592010-1, NV Business ID is NV20101367250 and address is 3753 HOWARD HUGHES PKWY #200-416, LAS VEGAS, NV, 89169, USA and includes any and all affiliates, agents, employees, servants, officers, directors, and any other person or entity acting or purporting to act on its behalf.

H. "Complaint" as used herein means the *Complaint*, filed by Judgment Creditor in the above captioned case.

I. "Person" as used herein means any natural person or any entity, including without limitation any individual, firm, corporation, company, joint venture, trust, tenancy, association, partnership, business, agency, department, bureau, board, commission, or any other form of public, private or legal entity.  Any reference herein to any public or private company, partnership, association, or other entity include such entity's subsidiaries and affiliates, as well as the present and former directors, officers, employees, attorneys, agents, and anyone acting on behalf of, at the direction of, or under the control of the entity, its subsidiaries or its affiliates.

J. "Documents" shall mean the original or copies of any tangible written, typed, printed or other form of recorded or graphic matter of every kind or description, however produced or reproduced, whether mechanically or electronically recorded, draft, final original, reproduction, signed or unsigned, regardless of whether approved, signed, sent, received, redrafted, or executed, and whether handwritten, typed, printed, photostated, duplicated, carbon or otherwise copied or produced in any other manner whatsoever.  Without limiting the generality of the foregoing, "documents" shall include correspondence, letters, telegrams, telexes, mailgrams, memoranda, including inter-office and intra-office memoranda, memoranda for files, memoranda of telephone or other conversations, including meetings, invoices, reports, receipts and statements of account, ledgers, notes or notations, notes or memorandum attached to or to be read with any document, booklets, books, drawings, graphs, charts, photographs, phone records, electronic tapes, discs or other recordings, computer programs, printouts, data cards, studies, analysis and other data compilations from which information can be obtained.  Copies of documents, which are not identical duplications of the originals, or which contain additions to or deletions from the originals or copies of the originals if the originals are not available, shall be considered to be separate documents.

K. "Documents" shall also include all electronically stored information (hereinafter "ESI") including but not limited to computer generated information or data of any kind, stored in or on any storage media located on computers, file servers, disks, tape or other real or virtualized devices or media, including Digital Communications (e.g., e-mail, voice mail, instant messaging, chats, tweets, blog posts, social media posts, comments, etc.),  E-Mail Server Stores (e.g., Lotus Domino .NSF or Microsoft Exchange .EDB), Word Processed Documents (e.g., Word or WordPerfect files and drafts), Spreadsheets and tables (e.g., Excel or Lotus 123 worksheets), Accounting Application Data (e.g., QuickBooks, Money, Peachtree data), Image and Facsimile Files (e.g., .PDF, .TIFF, .JPG, .GIF images), Sound Recordings (e.g., .WAV and .MP3 files), Video and Animation (e.g., .AVI and .MOV files), Databases (e.g., Access, Oracle, SQL Server data, SAP, other), Contact and Relationship Management Data (e.g., Outlook, ACT!), Calendar and Diary Application Data (e.g., Outlook PST, blog entries), Online Access Data (e.g., Temporary Internet Files, History, Cookies), Presentations (e.g., PowerPoint, Corel Presentations), Network Access and Server Activity Logs, Project Management Application Data, Computer Aided Design/Drawing Files; and  Backup and Archival Files (e.g., Veritas, Zip, .GHO).Your search for ESI shall include all of computer hard drives, floppy discs, compact discs, backup and archival tapes, removable media such as zip drives, password protected and encrypted files, databases,

electronic calendars, personal digital assistants, mobile devices, smart phones, tablets, proprietary software and inactive or unused computer disc storage areas.

      L.      The meaning of "Documents" shall be construed as broadly as permitted by the Florida Rules of Civil Procedure but is not intended and shall not be interpreted to expand upon or enlarge the responding party's obligations beyond that required by the Florida Rules of Civil Procedure.

      M.      Production of ESI or any electronically stored data shall be in native format unless otherwise agreed, consistent with **Schedule "A"** below. In producing Documents consisting of electronically stored data in machine-readable form in response to any Request, provide such data in a form that does not require specialized or proprietary hardware or software.

      N.      "Communications" shall mean any oral or written statement, dialogue, colloquy, discussion, or conversation and, also, means any transfer of thoughts or ideas between persons by means of documents and includes a transfer of data from one location to another by electronic or similar means.

      O.      The terms "pertaining" or "pertaining to" shall mean - relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

      P.      As used herein, the conjunctions "and" and "or" shall be interpreted in each instance as meaning "and/or" so as to encompass the broader of the two possible constructions and shall not be interpreted disjunctively so as to exclude any information or documents otherwise within the scope of any request.

      Q.      Any pronouns used herein shall include and be read and applied as to encompass the alternative forms of the pronoun, whether masculine, feminine, neuter, singular or plural, and shall not be interpreted to exclude any information or documents otherwise within the scope of any request.

      R.      If you assert that any document sought by any request is protected against disclosure as the attorney's work product doctrine or by the attorney-client privilege, you shall provide the following information with respect to such document:

      a.      the name and capacity of the person or persons who prepared the documents;
      b.      the name and capacity of all addresses or recipients of the original or copies thereof;
      c.      the date, if any, borne by the document;
      d.      a brief description of its subject matter and physical size;
      e.      the source of the factual information from which such document was prepared; and
      f.      the nature of the privilege claimed.

   S. You must produce all documents within your possession, custody or control that are responsive to any of these requests. A document is within your possession, custody, or control if you have the right or ability to secure the document or a copy thereof from any other person having physical possession thereof.

   T. If you at any time had possession, custody or control of a document called for under this request and if such document has been lost, destroyed, purged, or is not presently in your possession, custody, or control, you shall describe the document, the date of its loss, destruction, purge, or separation from possession, custody or control and the circumstances surrounding its loss, destruction, purge, or separation from possession, custody or control.

   U. For each item or category your response shall state that inspection and related activities will be permitted as requested unless the request is objected to, in which event the reasons for the objection shall be stated. If an objection is made to part of an item or category, the part shall be specified.

   V. All documents produced pursuant hereto are to be produced as they are kept in the usual course of business and shall be organized and labeled (without permanently marking the item produced) to correspond with the categories of each numbered request hereof.

   W. When appropriate, the singular form of a word should be interpreted in the plural as may be necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope hereof.

   X. **Relevant time period:** Unless otherwise specified, the timeframe from these Requests for Production is from **January 2016 - the Present**.

**Production of Electronically Stored Information (ESI)**
**FORM OF PRODUCTION**

  Plaintiff/Judgment Creditor, Eric & Co Trading Group, LLC, requests that all ESI (electronically stored information) be produced as follows:

  ESI will be produced (printed and loaded) in 300DPI resolution or greater, Group IV Monochrome Tagged Image File Format (.TIF) files in single-page format, with **ALL** native files provided and word searchable OCR/extracted text (Optical Character Recognized – i.e. searchable text) in UTF-8 format. Color photographs should be produced as color JPEG images. Email natives will be delivered in MSG or EML format. Load files will be provided in Opticon (.OPT) format and an IPRO LFP (.lfp) format. Metadata will be provided in a DAT file with standard Concordance delimiters. The text files containing the OCR/Extracted Text shall be produced in multi-page format with the name corresponding to its associated document. **All small and oversized images should be resized to fit on 8.5x11 canvas.**

7

The files should be delivered with the following folder structure:

**IMAGES** – contains the TIF and JPG files, up to 10,000 items.
**DATA** – contains the OPT and LFP files and the metadata text file (DAT)
**NATIVES** – contains all the original native files named as the BEGDOC
**TEXT** – contains the document-level OCR/Extracted text files named as the BEGDOC

| **Eclipse Metadata Field** | **Field Description** |
|---|---|
| Doc | BegDoc |
| EndDoc | EndDoc |
| BegAttach | BegAttach |
| EndAttach | EndAttach |
| Application | Application/Application Name |
| AttachmentIDs | Bates numbers of attachment(s) |
| Attachments | Names of attachment files |
| AttachRange | Attachment Range |
| Authors | Document author |
| BCC | BCC (Name + email) |
| CC | CC (Name + email) |
| Companies | Company name |
| Custodian | Custodian (Last, First) |
| DateCreated | Date created (MM/DD/YYYY) |
| DateReceived | Date email received (MM/DD/YYYY) |
| DateSaved | Date last saved (MM/DD/YYYY) |
| DateSent | Date email sent (MM/DD/YYYY) |
| Doctitle | Title |
| FileType | Document Type Description |
| FileExtension | File extension |
| Doclink | Link to native files produced |
| ExtractedText | Link to text files produced |
| Filename | Original filename |
| FileSize | File size in bytes |
| Folder | Relative Path (Inbox, Sent, etc.) |
| From | Sender (Name + email) |

| **Eclipse Metadata Field** | **Field Description** |
|---|---|
| Hash_Code | MD5 hash |
| Header | Email header |
| InternetMSGID | IntMsgID |
| MessageID | MsgID |
| NumAttachments | Attachment count |
| NumPages | Page count |
| ParentID | Parent bates number |
| Password_Protect | Y/N field |
| Read | Y/N |
| SHA1 | SHA1 hash |
| Sources | CD, DVD, hard drive; brief desc. of data |
| StoreID | Name of PST/NSF file (if relevant) |
| Subject | Email/Document subject |
| TimeReceived | Time email received (12-hour HH:MM) |
| TimeSent | Time email sent (12-hour HH:MM) |
| To | To (Name + email) |

For **.xls (**Excel**), .ppt (PowerPoint), and .doc (Word) files** the following additional metadata fields should be included:

| | |
|---|---|
| Excel_Comments | Comments |
| Excel_HiddenColumns | Hidden Columns |
| Excel_HiddenRows | Hidden Rows |
| Excel_HiddenWorksheets | Hidden Worksheets |
| Num_Lines | Number of lines |
| Num_Paragraphs | Number of paragraphs |
| Num_slides | Number of slides |
| Num_Notes | Number of notes |
| Num_HiddenSlides | Number of hidden slides |
| Num_Multimedia | Number of multimedia clips |
| Security | Security |

## DOCUMENTS REQUESTED

The Definitions and Instructions that are set forth above are expressly incorporated by reference and made a part of each of the specific Requests that follow:

1. Documents concerning the Judgment for civil theft which is attached to this Subpoena as **Exhibit A.**

2. All statements for any and all accounts for Floyd Mayweather, Jr. from January 2016 to the Present.

3. All statements for any and all accounts for Mayweather Promotions from January 2016 to the present.

4. All statements for any and all accounts for I.K.M.J. Joint, LLC from January 2016 to the present.

5. All statements for any and all accounts for Skate Rock City, LLC from January 2016 to the present.

6. All statements for any and all accounts for Fojoso, LLC from January 2016 to the present.

7. All documents related to the payment, and/or the source of payment on behalf of or in connection with the accounts of Floyd Mayweather, Jr.

8. All documents related to the payment, and/or the source of payment on behalf of or in connection with the accounts of Mayweather Promotions.

9. All documents related to the payment, and/or the source of payment on behalf of or in connection with the accounts of I.K.M.J. Joint, LLC.

10. All documents related to the payment, and/or the source of payment on behalf of or in connection with the accounts of Skate Rock City, LLC.

11. All documents related to the payment, and/or the source of payment on behalf of or in connection with the accounts of Fojoso, LLC.

12. All documents concerning any payments made on the accounts of Floyd Mayweather, Jr., which were returned due to insufficient funds.

13. All documents concerning any payments made on the accounts of Mayweather Promotions, which were returned due to insufficient funds.

14. All documents concerning any payments made on the accounts of I.K.M.J. Joint, LLC, which were returned due to insufficient funds.

15. All documents concerning any payments made on the accounts of Skate Rock City, LLC, which were returned due to insufficient funds.

16. All documents concerning any payments made on the accounts of Fojoso, LLC, which were returned due to insufficient funds.

    Respectfully submitted,

    **MILLENNIAL LAW, INC.**
    501 East Las Olas Blvd, Suite 200/314
    Fort Lauderdale, Florida 33301
    Phone: 954-271-2719

    By: *s/ Zachary P. Hyman*
        Zachary P. Hyman
        Florida Bar No. 98581
        zach@millenniallaw.com
        millenniallawforms@gmail.com
        jessica@millenniallaw.com
        assistant@millenniallaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this **29th** day of November, 2023, a true and correct copy of the following served via e-mail to the following:

**Jared Lopez, Esq.**
**Zaharah R. Markoe, Esq.**
**Tazio Heller, Esq.**
BLACK SREBNICK, P.A.
201 S. Biscayne Boulevard, Suite 1300
Miami, Florida 33131
jlopez@royblack.com
zmarkoe@royblack.com
theller@royblack.com
civilpleadings@royblack.com
*Counsel for Defendant/Judgment Debtor*

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-20045-ALTMAN/Reid

ERIC & CO TRADING GROUP LLC,

    *Plaintiff*,

v.

FLOYD MAYWEATHER, JR.,

    *Defendant*.

_____/

## DEFAULT FINAL JUDGMENT

In a separate Order [ECF No. 13], the Court granted the Plaintiff's Motion for Entry of Final Default Judgment [ECF No. 9]. Pursuant to Federal Rule of Civil Procedure 58, the Court hereby **ORDERS and ADJUDGES** that:

1. Judgment is entered in favor of the Plaintiff as follows:

   a. The Plaintiff shall recover from the Defendant:

      i. Treble damages in the amount of **$1,168,650** for civil theft pursuant to Fla. Stat. § 772.11(1).

      ii. Reasonable attorneys' fees and costs in the amount of **$8,576** pursuant to Fla. Stat. § 772.11(1).

2. The Plaintiff shall be entitled to pre-judgment interest on the total judgment amount at the applicable legal rate from June 6, 2021, through the date of this Judgment.

3. The Plaintiff shall be entitled to post-judgment interest on the total judgment amount as allowable by law from the date of this Judgment through the date of payment.

4. For the above sums, let execution issue.

5. The Court retains jurisdiction to enforce this Default Final Judgment.

DONE AND ORDERED in the Southern District of Florida on June 3, 2023.

ROY K. ALTMAN
UNITED STATES DISTRICT JUDGE

cc:   counsel of record

> Certified to be a true and
> correct copy of the document on file
> Angela E. Noble, Clerk,
> U.S. District Court
> Southern District of Florida
>
> By _____ Deputy Clerk
> Date 8/1/2023