<b>UNITED STATES DISTRICT COURT<br>
SOUTHERN DISTRICT OF FLORIDA</b>

CASE NO: 23-CV-20045-RKA

ERIC & CO TRADING GROUP LLC,

    Plaintiff/Judgment Creditor,

v.

FLOYD MAYWEATHER, JR.,

    Defendant/Judgment Debtor,

and

JP MORGAN CHASE BANK, N.A. and
ENHANCE HEALTH LLC,

    Garnishees.

_____/

<b><u>AGREED PROTECTIVE ORDER GOVERNING CONFIDENTIALITY<br>
OF DISCOVERY MATERIALS</u></b>

This matter came before the Court on December 13, 2023 on the Parties' "Joint Motion for Approval of Stipulated Protective Order." [D.E. ____]

Plaintiff/Judgment Creditors Eric & Co Trading Group LLC and Defendant/Judgment Debtor, Floyd Mayweather Jr. (individually, "Plaintiff" and "Defendant" and, collectively, "the Parties"), have stipulated and agreed to the entry of a Protective Order governing the production and handling of confidential information in connection with the Parties' document productions and discovery responses to discovery. The Court, having reviewed the agreement of the Parties, finds that good cause supports the entry of such an order, and that justice so requires. Accordingly, under Rule 26(c)(1), it is hereby ORDERED as follows:

1

1. All information, testimony, documents, and other things, including the substance and content thereof, produced or otherwise disclosed by any Party and marked "Confidential" in response to any discovery requested in this matter shall be deemed Confidential Material and subject to the terms and provisions set forth below. Such designations may only be made where the Producing Party believes in good faith that the information is confidential as defined below.

2. Confidential designations may be made with respect to any document or any portion of a document, and any other thing, material, testimony or other information that the Producing Party reasonably and in good faith believes contains or reflects (a) trade secrets, (b) non-public commercial financial information, (c) materials subject to a confidentiality or non-disclosure agreement with a non-party, (d) personal financial information, or (e) information that, pursuant to state or federal law is entitled to confidential treatment. Documents however, that are already in the public domain shall not be confidential.

3. Documents that are not otherwise Confidential but contain personally identifiable information such as social security numbers, physical home addresses, e-mail addresses, phone numbers, and non-public social media accounts will not be marked as Confidential. However, if any such document is made public, all such personally identifiable information will be redacted pursuant to the Federal Rules of Civil Procedure and the Local Rules.

4. A Party may designate as "Confidential" materials produced by a non-party to the extent such materials belong to that Party or a business entity or trust in which that Party has an interest or was made at that party or business entity/trust's request, and that it reasonably and in good faith believes contains or reflects Confidential Materials as defined in paragraph 2 of this Order.

5. Confidential Material shall not be disclosed to any persons other than the following, to whom it may be disclosed only in connection with this proceeding:

a. Counsel to the Parties, including in-house counsel, and their associates, paralegals, and support staff;

b. The Parties, including those officers, directors, managers, or employees of the parties, and/or any successors in interest, heirs or assigns, who are deemed necessary to aid counsel in the prosecution and/or defense thereof;

c. Any independent consultant or expert who is assisting counsel or a party to the proceeding to whom counsel determines it is necessary to disclose Confidential Material for the limited purpose of assisting in, or consulting with respect to, this proceeding (including their employees, associates and support staff retained by a Party in connection with this proceeding); a consultant or expert is "independent" if: (i) he or she is not an employee of, and plays no ongoing role in the management of, any procurement services company that is a competitor of a Party; and (ii) has no interest, financial or otherwise, in the outcome of this proceeding;

d. The personnel supplied by any independent contractor (including litigation support service personnel) or expert with whom such attorneys work that such counsel deems necessary for the sole purpose of assisting in this proceeding;

e. A third party to whom a Party is legally obligated to make disclosure (including, without limitation, auditors and government regulators) of the material designated as Confidential Material;

    f. Non-expert witnesses, in connection with possible examination of such persons, or in connection with preparation thereof, but only if the Confidential Material is material that witness was a party to;

    g. Any assignees of the Judgment provided that such assignees agree to be bound by this Order and Agreement, and

    h. The Court, its staff and any stenographer, court reporter or videographer and their staff.

All those listed in subparagraphs c-g above shall be provided a copy of this Protective Order and shall sign the acknowledgment attached as Exhibit A. Those acknowledgements shall be maintained and provided to counsel for the other party upon request.

  6. Confidential Material shall be used or disclosed by the Receiving Party solely in connection with its prosecution or defense of the above-referenced action in accordance with the provisions of this Order. No Receiving Party, or counsel for Receiving Party, shall disclose Confidential Material or information learned from such Material to a Non-Party, except as contemplated in this agreement.

  7. No person shall disclose Confidential Material or information learned from such material to Non-Party clients or prospective clients and shall not use such material or information learned from such material in connection with any proceeding involving non-Parties to this Case, except as contemplated in this Protective Order.

  8. The Parties will have the ability to use the documents and information produced by any Party for purposes of the litigation if necessary, including but not limited to court filings, compulsory process, and depositions. Nothing herein shall prevent any counsel of record who has access to Confidential Material from utilizing that Confidential Material in this proceeding in the

examination or cross-examination of any person. However, any such Confidential Material that may be disclosed in any court filing, must either (a) first be shared with the Producing Party so that the Producing Party may seek that any such Confidential Material be filed under seal pursuant to the Local Rules or (b) filed under seal by the Filing Party with a motion to file under seal and then the Producing Party shall file a response supporting the bases for sealing pursuant to the Local Rules.

9. Except as otherwise provided below, any information, document, data, thing, deposition testimony, or interrogatory answer produced, given, or served pursuant to discovery requests in this litigation and designated by the producing Party or non-party as "Confidential", or any information contained in or derived from any of the foregoing Material, shall be subject to the provisions of this Protective Order until the Parties agree in writing or a court order otherwise directs.

10. Any Party or non-party deponent or its counsel may, consistent with the terms of this Protective Order, designate a portion of a deposition of that party/non-party or of an employee, authorized representative, or business of that party or non-party, as "Confidential" by denominating by page and line those portions of the deposition which are to be considered "Confidential" within thirty (30) days of conclusion of the deposition, and so informing all other parties of such designation. Until the thirty-day period to designate deposition testimony as "Confidential" has passed, the deposition transcript and any exhibits not previously designated shall be treated as "Confidential." Any portion of a deposition so designated, shall not be filed with the Court, except in accordance with paragraph 8 of this Protective Order. Persons attending depositions must leave the room before any discussion of any "Confidential" Material that such person is not entitled to hear, see or review under the provisions of this Protective Order, and the

attorney taking the deposition must alert those participating in advance of any such upcoming discussion.

11. If counsel wishes to disclose "Confidential" Material to a witness that it reasonably believes it may call at trial or an evidentiary hearing or a deponent not designated in paragraph 5 above, the witness or deponent shall, prior to the receipt of Material, execute and deliver to counsel a statement in the form annexed hereto as Exhibit A. Any Party whose designated materials were used at a deposition pursuant to this paragraph has the right to designate those portions of the transcript confidential in accordance with the procedure outlined in paragraph 10 herein, even if the material was used in a deposition that was not of that Party or of an employee, authorized representative, or business of that Party.

12. Nothing in this Protective Order shall prevent any Party from using or disclosing its own documents or information, or documents or information previously received from a Party that was not designated Confidential pursuant to this Order.

13. Nothing in this Protective Order shall require disclosure of information which is protected by the attorney-client privilege, work product immunity or other privilege or immunity, and the inadvertent production of information or materials that are protected by the attorney-client privilege, work product immunity, or other privilege or immunity shall not operate as a waiver of such privilege or immunity. Within ten (10) days of a Party becoming aware that it has inadvertently produced or received information or materials that are potentially protected by the attorney-client privilege, work product immunity, or other privilege or immunity ("Inadvertently Disclosed Information"), that Party shall notify each party that produced or received the information or material in writing of the inadvertent production. Thereafter, the Parties shall

comply with Rule 26(c)(1) and any non-parties in possession of such information or material shall return or certify the destruction of such information or material.

If a Receiving Party discovers that it has received Inadvertently Disclosed Information, it shall immediately inform the Disclosing Party and follow the same procedures above.

14. Any Party may request at any time permission to disclose Confidential Material to a person other than those permitted by this Order by serving a written request upon counsel for the Designating Party, setting forth the information or materials the Party wishes to disclose and the person to whom the Party wishes to disclose the information and materials. If consent is withheld, or the Party seeks to make disclosure and the Designating Party are unable to agree on the terms and conditions of disclosure, the Party that seeks to make disclosure may submit the matter to the Court for resolution.

15. If any Party disputes the designation of any document or information as Confidential, the disputing Party shall serve a written notice of objection to such designation upon the Designating Party within a reasonable period of time after receipt. Such notice shall identify specifically the material or information as to which the disputing Party wishes to have the designation removed and shall set forth the reasons for such removal. The Designating and disputing Parties shall attempt to resolve by agreement the question of whether, or on what terms, the document or information is entitled to confidential treatment. If the Parties are unable to agree as to whether the Designating Party should have designated the document or information as Confidential, the disputing Party may apply to the Court for an order resolving whether, or on what terms, the document or information is entitled to confidential treatment. However, in making such application, the Designating Party shall bear the burden of proof on the issue of whether the document or information is entitled to confidential treatment. The designated materials in question

shall continue to be treated as Confidential subject to the terms of this Protective Order until the Court acts on the application.

16. If Confidential Material in the possession of a receiving party is subpoenaed, requested, or ordered to be produced by any court, administrative or legislative body, or any other person or organization purporting to have authority to subpoena or require the production of such data or information, the party to whom the subpoena or order is directed shall promptly send a copy of the subpoena or order to the Designating Party and shall object to the production by referring to this Order so that the Designating Party is provided a reasonable time to oppose the subpoena, request, or order.

17. This Protective Order shall not act as a shield for any person or entity to refuse to disclose any information that it is, by law, contract, or rule, obligated to disclose. In the event that particular documents or disclosure to particular parties necessitate protections in addition to those provided herein, nothing in this Protective Order shall limit any Party's right to seek such additional protections from the Court, including a request that the documents not be produced, or disclosure not be made.

18. This Protective Order shall not be deemed a waiver of:

a. Any Party's right to object to any discovery requests on any ground;

b. Any Party's right to seek an order compelling discovery with respect to any discovery request;

c. Any Party's right to object to the admission of any evidence on any ground;

d. Any Party's right to use documents it designates as "Confidential"" in its sole and complete discretion; or

e. The status of any material as a trade secret.

19. This Protective Order may be modified or amended either by written agreement of the Parties or by order of the Court upon good cause shown. No oral waivers of the terms of this Confidentiality Order shall be permitted between the Parties.

20. Any violation of the terms of this Protective Order may result in sanctions against the Party committing the violation, which shall be determined by the Court in its discretion.

**DONE AND ORDERED** in Chambers in Miami, Florida, on this ___ of _____, 2023.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

## EXHIBIT "A" – CONFIDENTIALITY AGREEMENT

1. I have been provided with a copy of and agree to be bound by the terms of the Stipulated Protective Order in case number: 23-CV-20045-RKA titled: *Eric & Co Trading Group LLC v. Floyd Mayweather, Jr.*, pending in the United States District Court for the Southern District of Florida.

2. I will only make such copies of or notes concerning documents designated "Confidential" or "Highly Confidential—Attorneys' Eyes Only" as are necessary to enable me to render the assistance required in connection with this litigation, and, all such notes and copies will be preserved in a separate file maintained as confidential and marked for disposal or destruction upon completion of this litigation. Upon the final determination of this action, I will promptly destroy all "Confidential" or "Highly Confidential—Attorneys' Eyes Only" materials provided to me as well as any notes or derivations thereof.

3. I will not intentionally reveal the contents of "Confidential" Material to any unauthorized person. I will not intentionally use "Confidential" any purpose other than the prosecution or defense of claims in this action, or collection of the Judgment.

4. I understand that failure to comply with the terms of the Stipulated Protective Order may result in civil liability against me to any party or person damaged thereby. I consent to the jurisdiction of the United States District Court for the Southern District of Florida (without any time limit) for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

DATED this _____ day of _____, 20_____

_____
Print Name:_____